Filed 11/19/15  P. v. Lozano CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042179 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC619872) |
| v. | |
| JOSE ANTHONY LOZANO, | |
| Defendant and Appellant. | |

In 2007, appellant Jose Anthony Lozano was convicted of driving under the influence resulting in injury (Veh. Code, § 23153, subd. (a)), driving under the influence with a felony prior within 10 years (Veh. Code, §§ 23152/23550.5, subd. (a)), and hit and run with injury or death.  (Veh. Code, § 20001, subds. (a)/(b)(1).)  Several sentencing enhancements were also found to be true. (Veh. Code, § 23558, Pen. Code, §§ 12022.7, subd. (a), 667, subds. (a), (b)-(i), 1170.12.)  He was sentenced to a total term of 16 years 4 months.

On January 27, 2015, appellant filed a petition for resentencing and for reduction to misdemeanor pursuant to Proposition 47.  (Pen. Code, § 1170.18, subds (a) & (f).)  On February 4, 2015, the superior court denied the petition, finding that appellant ineligible for resentencing "because only certain theft and simple drug possession charges are affected by the resentencing provision of Penal Code §1170.18(a)-(b)."  This timely appeal ensued.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), which states the case and the facts but raises no specific issues.

Pursuant to *Serrano,* on August 17, 2015 we notified appellant of his right to submit written argument in his own behalf within 30 days. On August 17, 2015, we received an "Informal Brief" from appellant. In his brief, the appellant argues that, although not enumerated, his convictions for Vehicle Code violations fall within the purpose, intent and spirit of Proposition 47. He further argues that he is eligible because the sections under which he was convicted are not listed under the Penal Code section 667 (e)(2)(C)(iv) exclusion and are not clear and unambiguous with respect to "being violent, and/or serious." Penal Code section 1170.18 lists certain theft and simple drug possession charges under the Penal and Health and Safety Code as eligible for resentencing under the provision of the section. Appellant's conviction for drunk driving and hit and run with injury are neither enumerated in this section, nor can be equated with one of the enumerated offenses. Appellant conflates eligibility with exclusion. Simply because appellant's violations under the vehicle code are not listed as violent or serious felonies under Penal Code section 667, subdivision (e)(2)(C)(iv), does not bring them within the purpose, intent and spirit of Proposition 47. Under Penal Code section 1170.18, a prior conviction for a serious or violent offense serves to exclude an otherwise eligible defendant from resentencing under the section.

Finally appellant argues that "excludable offenses that disqualify one from Proposition 47 relief vary from county to county." To the extent that appellant contends that a court or county can exercise discretion in determining which offenses are subject to resentencing pursuant to Penal Code section 1170.18, subdivision (a), this argument is without merit. This section explicitly enumerates the Penal and Health and Safety Code sections to which it applies. Neither a district attorney of any county, nor a court has any discretion to alter the list of sections eligible for resentencing under Proposition 47. The

2

trial court correctly determined that none of the sections enumerated in Penal Code section 1170.18 authorize the misdemeanor treatment of the Vehicle Code violations in this case.

As nothing in appellant's supplemental brief raises an arguable issue on appeal, we must dismiss the appeal.  (*Serrano, supra,* 211 Cal.App.4th at pp. 503-504.)

### DISPOSITION

The appeal is dismissed.

3

_____
                                RUSHING, P.J.

WE CONCUR:

_____
        PREMO, J.

_____
        ELIA, J.

*People v. Lozano*
**H042179**